```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF NEW MEXICO
```

In re:
MICHAEL KEENAN and
ROBERTA KEENAN,
            Debtors.                          No. 13-05-21229 SA

**MEMORANDUM OPINION AFTER CONFIRMATION**
**HEARING ON FIRST AMENDED CHAPTER 13 PLAN**

This matter came before the Court to consider confirmation of Debtors' 1st Amended Chapter 13 Plan (doc 73) and the objections thereto filed by the Chapter 13 Trustee (doc 76) and creditor Suzanne Mallon (doc 77). For the reasons set forth below, the Court finds that it should confirm the 1st Amended Chapter 13 Plan.[1]

This case first came before the Court for a 2-day trial over 2 years ago to consider confirmation, lien avoidance, and a motion to dismiss. The Court took the matters under advisement then issued a 40-page Memorandum Opinion in March, 2007, denying confirmation with leave to file an amended plan, denying the motion to dismiss, and partially granting the motion to avoid lien. (Doc 51, In re Keenan, 364 B.R. 786 (Bankr. D. N.M. 2007).) This Memorandum Opinion assumes familiarity with the

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. § 1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L); and these are findings of fact and conclusions of law as required by Rule 7052 F.B.R.P. This chapter 13 case was filed prior to the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109-08, 119 Stat. 23, and therefore the changes enacted by that legislation are not applicable to this case.

earlier opinion and will not restate facts or legal analysis unless necessary. Briefly, in the earlier Opinion the Court 1) denied confirmation because Debtors did not meet the disposable income test of § 1325(b), 2) denied confirmation because it appeared that Debtors did not meet the best interest of creditors test of § 1325(a)(4), 3) found that the Plan would be feasible if monthly payments were $1,537, and 4) found the Plan had been proposed in good faith.

Debtors promptly filed a 1st Amended Plan, increasing monthly payments to $1,537 for the remainder of the plan period (43 months) and lengthening the term of the Plan, thereby meeting the disposable income requirements the Court set forth in the Opinion. See Keenan, 364 B.R. at 800-01. Because the Court found that payments of $1,537 would be feasible, that issue is no longer live. Similarly, the 1st Amended Plan did nothing more than make more money available to creditors, so it also is proposed in good faith. Therefore, the only issue remaining for confirmation of this 1st Amended Plan is the best interest of creditors test.

A large portion of the earlier Opinion dealt with the best interest of creditors test. Id. at 801-04. The Court found that it could not confirm a plan that called for net payments to unsecured creditors (after trustee fees) of less than a present value of $63,951 plus the net proceeds of sale of some California

real estate. Id. at 804. This calculation was based, however, on trustee fees of only $1,000[2], no taxes on the trustee fees, and a chapter 7 trustee commission of $9,060.

At the 1st Amended Plan confirmation hearing, Debtors presented expert testimony that, for this complex case, the trustee attorney fees would have been $35,000. The Court finds this number reasonable and adopts it. The New Mexico gross receipts tax on a $35,000 attorney fee bill would be roughly $2,100 (at 6%). The expert witness also corrected the Court's earlier computation of the trustee's statutory fee at $9,060; trustees also receive a commission on payments of secured claims. The real trustee commission would have been closer to $20,000. Therefore, to arrive at a final best interest of creditors test number, the Court should subtract from $63,951 (plus net real estate proceeds) the following amounts: $34,000 for additional trustee attorney fees, $2,100 in New Mexico gross receipts taxes, and $10,040 for additional trustee fees. This results in a best interest of creditors test number of $17,811 (plus net proceeds from California real estate).

The monthly payments under the 1st Amended Plan total $83,652 over the life of the plan. There are no secured claims

---

[2]Debtors presented no evidence on expenses to be deducted in arriving at the best interest of creditors number at the original confirmation hearing.

provided for under the 1st Amended Plan, so virtually all the payments go to the unsecured creditors. The 1st Amended Plan meets the best interest of creditors test. The parties expended great efforts arguing over the meaning of "effective date." Because the best interest of creditors test is no longer relevant, the Court does not need to address this issue.

**CONCLUSION**

Based on the foregoing, the Court believes that the parties should be able to submit a confirmation order. Debtors' attorney shall draft an order within 14 days of the entry of this Memorandum Opinion and forward to the other parties for approval. If the parties cannot agree on the form of an Order, Debtors should contact Judge Starzynski's chambers within 20 days to set a presentment hearing, and each side should serve on the other sides and file with the Court prior to any presentment hearing, any proposed confirmation order it wishes the Court to consider.

/s/ James S. Starzynski

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 1, 2008

Case 05-21229-s13   Doc 119   Filed 10/01/08   Entered 10/01/08 11:04:30 Page 4 of 5

copies to:

Christopher L Trammell
3900 Juan Tabo NE
Albuquerque, NM 87111-3984

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

Rob Treinen
Ste 2000 E
300 Central Ave SW
Albuquerque, NM 87102

James A Askew
PO Box 1888
Albuquerque, NM 87103-1888