UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
MICHAEL KEENAN and
RAMONA KEENAN,
    Debtors.                                                No. 13-05-21229 SA

**MEMORANDUM OPINION ON OBJECTION TO CLAIM #1
BY SUZANNE MALLON (Doc 56) AND SUPPLEMENTAL
OBJECTION TO CLAIM #1 (Doc 143) BY DEBTORS**

    This matter is before the Court on Debtors' Objection and Supplemental Objection to Claim #1 filed by Suzanne Mallon (docs 56 and 143). Debtors appear through their attorney Christopher L. Trammell, P.A. (Michael Lash). Suzanne Mallon appears through her attorney Fefferman & Warren (Rob Treinen). The Trustee Kelley Skehen is self-represented. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (B).

**FACTS**

    Debtors filed a voluntary Chapter 13 case on October 15, 2005. On their schedule of secured debts they listed Suzanne Mallon ("Mallon") as a secured creditor with a claim of $145,289.10 and having security of a value of $0.00. The Mallon claim is for a judgment for fraud and unfair trade practices rendered in the state district court on September 9, 2005. The plan came on for confirmation on August 25, 2006 and the Court entered a Memorandum Opinion (doc 51) and Order denying confirmation on March 27, 2007.

On April 23, 2007 the Debtors filed an objection to the Mallon claim (doc 56) to the extent she claimed that it was a secured claim. On October 11, 2007 the Trustee filed an adversary proceeding against Mallon that resulted in a stipulated judgment on October 22, 2007 that avoided Mallon's judgment lien as a preference. Therefore, Debtor's objection to the claim (doc 56) should be denied as moot.

On October 29, 2008, the Court entered an Order (doc 124) Amending and Confirming an Amended Chapter 13 Plan (doc 73). Under the terms of the Amended Plan, payments are made as follows: first, to trustee's fees and expenses and administrative expenses including attorney's fees; second, to priority claims (of which Debtors claim there were none); third, pro-rata to timely filed unsecured claims.

On February 8, 2009, Debtors filed a Supplemental Objection to Mallon's claim (doc 143). In this objection Debtors allege that Mallon's claim consists of a general damages claim, punitive damages and associated attorney fees[1]. They also allege that

---

[1] A copy of the Judgment is attached to the proof of claim filed on November 18, 2005. A copy also appears as Exhibit A to Mallon's response (doc 146). The judgment awards Mallon $16,500 in compensatory damages against Michael Keenan, Sr., Ramona Keenan and Michael Keenan, Jr.; $38,000 in punitive damages against Michael Keenan, Sr.; $38,000 in punitive damages against Ramona Keenan; and attorney fees and costs of $52,789.10 pursuant to the New Mexico Unfair Practices Act, NMSA § 57-12-10(B) against Michael Keenan, Sr. and Ramona Keenan jointly and severally. The Judgment also provides for interest.

their son, who was also liable on the compensatory damages portion of the judgment, has paid that claim. Debtors seek to 1) reduce the claim by the amount paid by their son, and 2) subordinate the balance of the Mallon claim to the claims of all other general unsecured creditors pursuant to 11 U.S.C. §§ 510(c), 726[2] and 1325(a).

Mallon responded to the objection (doc 146). First, she argues that although 11 U.S.C. § 502(a) does not provide for a time limit to file an objection to a claim, it must be filed prior to plan confirmation, citing Wallis v. Justice Oaks II, LTD (In re Justice Oaks II, Ltd.), 898 F.2d 1544, 1553 (11th Cir.), cert. denied, 498 U.S. 959 (1990) and In re Starling, 251 B.R. 908, 909-10 (Bankr. S.D. Fla. 2000). Second, she argues that under New Mexico law attorney fees are compensatory, not punitive, citing Seipert v. Johnson, 134 N.M. 394, 398, 77 P.3d 298, 302 (Ct. App.), cert. denied, 134 N.M. 374, 77 P.3d 278 (2003).

The Court held a hearing on the Supplemental Objection and response and entered a Scheduling Order (doc 157) requesting briefing. Mallon filed a brief (doc 159) as did the Debtors (doc 160), and Mallon filed a reply brief (doc 163). The Court has

---

[2]Section 726 does not apply to chapter 13 cases. 11 U.S.C. § 103(b). See also In re Lang, 196 B.R. 528, 530 (Bankr. D. Ariz. 1996).

Case 05-21229-s13    Doc 166    Filed 03/02/10    Entered 03/02/10 16:02:57 Page 3 of 9

reviewed the arguments of the parties and consulted applicable authorities and now issues this ruling.

1.  Mallon agrees that the actual damages portion of the judgment has been paid and no longer should be paid from the bankruptcy estate.  <u>See</u> Doc. 159, p.2.  And, while Mallon consented to subordination of her punitive damage claim, <u>id.</u>, the Court finds below that this change to the plan (<u>i.e.</u>, creating a new class of creditors) is not warranted at this time.  If the Debtors, Mallon and the Trustee agree that this change should be made they should submit an order that accomplishes this result.

2.  The Court disagrees with Mallon that all objections to claims must be filed before a Chapter 13 case is confirmed. First, the Court does not read <u>Justice Oaks</u> as broadly as Mallon suggests.  In <u>Justice Oaks</u> the Debtor entered into a global settlement agreement with several secured creditors that involved sale of assets to a third party and payment of the proceeds to two secured creditors, except for certain carve-outs for tax liabilities, administrative expenses, and $100,000 for unsecured creditors.  898 F.2d at 1546-47.  The Wallises (unsecured creditors by virtue of a guarantee to a third secured creditor) did not object to the settlement.  <u>Id.</u> at 1547.  The settlement was then incorporated into a plan to which the Wallises objected claiming that it was not fair and equitable.  <u>Id.</u>  The bankruptcy court then confirmed the Chapter 11 plan.  <u>Id.</u> at 1548.  The

Wallises then objected to a senior creditor's claim on the grounds that it had been improperly classified as a secured claim. Id. The bankruptcy court overruled the objection, holding that the allowance of the claim had been finally determined in the court's orders authorizing settlement and confirming the plan. Id. The District Court affirmed. Id. On further appeal the United States Court of Appeals for the Seventh Circuit cited to Simmons v. Savell (In re Simmons), 765 F.2d 547 (5th Cir. 1985) for the proposition that when an objection is based on an argument that a plan misclassifies an objectionable claim, the objection must be made prior to confirmation of the plan. Id. at 1553. "Under the rule of Simmons, which we adopt today as characterized above, the Wallises lost their right to object to Allegheny's claim when the bankruptcy court confirmed the plan." Id. Therefore, Justice Oaks does not stand for the broad proposition that all objections to claims must be filed before confirmation; rather, objections to classification must be filed before confirmation.

Similarly, Starling should not be read as broadly as Mallon suggests. In Starling the debtor filed a chapter 13 plan that listed mortgage arrearages at $11,000. 251 B.R. at 909. The mortgagee filed a proof of claim for $18,000 and objected to confirmation. Id. The debtor then amended the plan to pay the $18,000. Id. The plan was confirmed and then debtor objected to

Page -5-

the claim.  Id. at 910.  The bankruptcy court, citing Justice Oaks, overruled the objection, finding that the debtor waived the right to object to the claim by failing to obtain an adjudication on the amount of the claim prior to confirmation.  Id.  Starling should probably be restricted to its facts; that is, when a claim is resolved before confirmation and the resolution is incorporated into the plan, it will be binding after confirmation under 11 U.S.C. § 1327.  Alternatively, it could be argued that Starling may stand for the proposition that secured claims must be resolved before confirmation.

    Therefore, although the Court disagrees with Mallon's broad statement that all objections to claims must be filed prior to confirmation[3], the Debtors' objection in this case fits squarely within the rule of Justice Oaks.  Debtors' objection is challenging the classification of Mallon's claim by attempting to subordinate it.  This had to be done prior to confirmation.  The Debtors' objection should be overruled.  Although this conclusion resolves the objection fully, the Court will briefly address other aspects of the objection.

2.    The Court agrees with Mallon that the attorney fees portion of the judgment represents compensatory damages that should be

---

[3]Other cases hold that objections to claims are permissible after confirmation.  See, e.g., In re Shank, 315 B.R. 799 (Bankr. N.D. Ga. 2004); Morton v. Morton (In re Morton), 298 B.R. 301 (6th Cir. BAP 2003).

Case 05-21229-s13    Doc 166    Filed 03/02/10    Entered 03/02/10 16:02:57    Page 6 of 9

allowed in full. First, the relevant statute states: "The court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails." N.M.S.A. 1978 § 57-12-10(C). It provides for attorney fees when a party prevails and does not depend on the degree of culpability of the defendant. Second, this interpretation is supported by Jones v. General Motors Corp., 124 N.M. 606, 611, 953 P.2d 1104, 1109 (Ct. App. 1998):

> We note with approval the opinion of the Washington Court of Appeals which described the twofold purpose of awarding damages and attorneys' fees to successful plaintiffs under that state's Consumer Protection Act: " '(1) on the individual level, to enable the injured plaintiff to pursue his own claim; and, (2) on the public level, to reimburse the individual plaintiff and his counsel for enforcing the Act on behalf of the general citizenry.' " Brian J. Linn & Gretchen Newman, Comment, Reasonable Attorneys' Fees and Treble Damages-Balancing the Scales of Consumer Justice, 10 Gonz. L.Rev. 593, 598 (1975). It has observed that the purpose of awarding attorneys' fees and costs under similar statutes is "to encourage the maintenance of private actions, and perhaps in recognition of the fact that attorneys are unwilling to handle most consumer claims because the amounts recoverable are often too small." Debra E. Wax, Annotation, Award of Attorneys' Fees in Actions Under State Deceptive Trade Practice and Consumer Protection Acts, 35 A.L.R.4th 12, 17 (1985). Therefore, the attorneys' fees to be awarded in this case are not nominal; they should reflect the full amount of fees fairly and reasonably incurred by Plaintiff in securing an award under the UPA.

3. Finally, the Court finds that the punitive damage award in this case should not be subordinated for three reasons.

A. Debtors lack standing to raise subordination. In re Blumenberg, 263 B.R. 704, 717 (Bankr. E.D. N.Y. 2001); Weeks

v. Kinslow (In re Weeks), 28 B.R. 958, 960 (Bankr. W.D. Okla. 1983).

B.  Even if Debtors had standing, subordination requires an adversary proceeding. USA Capital Realty Advisors, LLC v. USA Capital Diversified Trust Deed Fund, LLC (In re USA Commercial Mortgage Co.), 377 B.R. 608, 620 (9th Cir. BAP 2007); In re Danbury Square Assoc., Ltd. Partnership, 153 B.R. 657, 661 (Bankr. S.D. N.Y. 1993).

C.  Subordination of a part of the claim would require a modification of the plan to add an additional class below the unsecured creditors. Addition of a class is not one of the permissible reasons to modify a plan. See 11 U.S.C. § 1329(a). See also In re Plummer, 378 B.R. 569, 574 (Bankr. C.D. Ill. 2007)("[M]odifications under § 1329(a) are not limitless; rather, modifications are only allowed in the three limited circumstances set forth in § 1329(a)(1), (a)(2), and (a)(3).")(Citations omitted.)(Pre-BAPCPA case; BAPCPA added a fourth circumstance not relevant here.)

**CONCLUSION**

Debtors first objection to the Mallon claim is denied as moot. The Mallon claim should be reduced by $16,500.00. The rest of Debtors' Supplemental Objection should be overruled. A separate Order will enter.

_____

Honorable James S. Starzynski
                                    United States Bankruptcy Judge

Date Entered on Docket:  March 2, 2010

Copies to:

Rob Treinen
Ste 2000 E
300 Central Ave SW
Albuquerque, NM 87102

Christopher L Trammell
3900 Juan Tabo NE
Albuquerque, NM 87111-3984

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111